# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JESSICA B.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-430**    (Fam. Ct. Berkeley Cnty. Case No. FC-02-2020-D-217)

**ROBERT S.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica B.[1] ("Mother") appeals the Family Court of Berkeley County's October 6, 2025, Final Ex Parte and Modification Order that awarded attorney's fees to Respondent, Robert S. ("Father"). Respondent, Robert S., did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For these reasons, a memorandum decision vacating the family court's order, in part, and remanding for further proceedings consistent with this decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.[3]

The parties were married in 2007 and divorced in 2020. They share two children, ages seventeen and ten. The parties' original parenting plan provided an equal custodial schedule and joint decision making for both children. Both parents lived in Berkeley County, where the children were enrolled in school. At some point, the family court modified the parenting plan to allow C.S., the older child, to primarily reside with Father, but the parties continued to share equal custodial allocation of L.S., the younger child.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Sherman L. Lambert, Sr., Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent fails to participate on appeal to support the order.

Mother filed a Petition for Modification of the Parenting Plan in January of 2024, requesting that she be named primary custodial parent and receive a majority of custodial allocation time with L.S. At a hearing held in March of 2024, Mother informed the family court and Father that she planned to relocate to Jefferson County, but that the current custody allocation could remain in effect. The family court denied Mother's modification, and thereafter, Mother moved to Jefferson County.

Prior to the start of the 2025-2026 school year, Mother removed L.S. from Berkeley County Schools and enrolled L.S. in Jefferson County Schools. Upon his discovery of the changed enrollment, Father unsuccessfully attempted to change L.S.'s enrollment back to Berkeley County Schools. Father's counsel then tried to resolve the school enrollment issue between the parties because Father did not agree to the change in schools, and the change would result in Father not being able to fully exercise his parenting time. When Mother refused to re-enroll the child in Berkeley County Schools, Father filed a Motion for Modification and a Motion for Ex Parte Relief just prior to the start of the school year. The family court entered an order granting Father ex parte relief and ordered that the child be re-enrolled in Berkeley County Schools and for Jefferson County Schools to transfer the child's records back to Berkeley County.

The family court held a full hearing on the matter on August 20, 2025. During the hearing, the family court faulted Mother for unilaterally changing L.S.'s school enrollment when Mother was aware the parties had joint decision making. The family court found Mother lacked credibility with respect to her argument that she did not know that she could not change L.S.'s school because the issue of school enrollment had been the subject of previous hearings. As a result, the family court awarded Father $3,528.28 in attorney's fees as part of its October 6, 2025, Final Ex Parte and Modification Order. The order stated that the court was awarding attorney's fees to Father as a "punitive matter" against Mother to make sure Mother "complies with future court orders." It is from this order that Mother now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

2

On appeal, Mother's only assignment of error is that the family court abused its discretion by ordering her to pay Father's attorney's fees despite evidence of Mother's inability to pay said fees. Mother argues that the family court only considered fault as a factor in its decision to award Father attorney's fees and did not properly analyze the remaining factors required by *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

The Supreme Court of Appeals of West Virginia held in *Banker* that:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family [court] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family [court] should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

*Id.* at Syl. Pt. 4. However, in this case, the family court did not conduct a sufficient analysis of the requisite *Banker* factors. While the family court's order includes findings that correlate to one of these factors, it is insufficient to meet the requirements set forth in *Banker* for an award of attorney's fees.

However, the family court made statements during the August 20, 2025, hearing that Mother was in contempt of court, which, in the family court's opinion, allowed for the award of attorney's fees absent the *Banker* analysis. Further, the family court's October 6, 2025, order memorialized this finding, holding Mother in contempt for violating prior orders that prohibited her from transferring the child to a new school. The family court's order categorizes the award of attorney's fees as "punitive" against Mother to ensure Mother complies with the court's *future* orders.

West Virginia Code § 51-2A-9(b) (2012) affords the family court civil contempt powers; however, the family court must give the contemnor the opportunity to purge the contempt, and attorney's fees may be provided for as ancillary relief. *See Deitz v. Deitz,* 222 W. Va. 46, 659 S.E.2d 331 (2008) (per curiam); *Hoylman v. Hoylman,* No. 22-ICA-146, 2023 WL 1463945 at *2 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). In the instant case, it is unclear from the order whether the family court awarded attorney's fees pursuant to *Banker* or in conjunction with contempt sanctions in the manner prescribed by West Virginia Code § 51-2A-9.[4] The Supreme Court of Appeals of West Virginia has

---

[4] Although the family court referenced *Banker* at the August 20, 2025, hearing, the order on appeal does not cite *Banker* or West Virginia Code § 51-2A-9. *See Legg v. Felinton,* 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006) ("[i]t is a paramount principle

said that to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). Thus, it was error for the family court to award Father attorney's fees without the requisite analysis of either *Banker* or West Virginia Code § 51-2A-9.

Accordingly, the October 6, 2025, Final Ex Parte and Modification Order is vacated, as it pertains to the award of Father's attorney's fees, and remanded to the family court to hold further proceedings as necessary, and to enter an order consistent with this decision.[5]

Vacated, in part, and Remanded, with instructions.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

of jurisprudence that a court speaks only through its orders"); *see also State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992) ("[H]aving held that a court speaks through its orders, we are left to decide this case within the parameters of the circuit court's order."); *State ex rel. Erlewine v. Thompson*, 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders[.]").

[5] Upon remand, the family court may reach the same conclusion, but the new order must comply with requirements identified in this decision.

4